OPINION OF THE COURT
Robert G. Main, Jr., S.
Petitioner, Key Trust Company, asks the court to construe certain portions of the last will and testament of Andrew M. Johnston, deceased. The decedent died on October 26, 1953, *843 and his will was admitted to probate on December 21, 1953. Pursuant to that will a trust, known as. the "Andrew M. Johnston and Anna M. Johnston Scholarship Fund for Graduates of Chateaugay Central School”, was established and funded. A predecessor of the instant petitioner was appointed trustee of the above-named trust which was created by paragraph "fiftieth” of the decedent’s will.
It appears that the awarding of the scholarships created by the trust did not take place in 1994, and may not occur in 1995, because of the method the trustee and the school district have been using to determine eligibility. For that reason, the court is now being asked to construe the words "any Protestant Church” in the dispositive language creating the trust.
On the return date, the petitioner appeared by counsel. Representatives of various Protestant faiths affected by the issue also appeared and were afforded an opportunity to present written and oral argument. A similar opportunity was accorded to a former president of the Chateaugay Central School District Board of Education. The Attorney-General, on notice of the proceeding, did not answer or otherwise appear.
Paragraph "fiftieth” of the decedent’s will states, in part:
"I give and bequeath to [sic] plattsburg national bank and trust company, [sic] Plattsburg, New York, as trustee, the sum of Twenty-five thousand ($25,000.00) Dollars, in trust, nevertheless, for the following uses and purposes * * *
"I direct that one-half (1/2) of the annual net income on said trust fund be paid and delivered to the boy in the annual graduating class of Chateaugay Central School, at Chateau-gay, New York, who attends any Protestant Church in the Towns of Chateaugay and Burke, Franklin County, New York, or the Protestant Church in Brainardsville or the Protestant Church, in what is now known as the Forge, the two churches last mentioned being in the Town of [sic] Belmont, Franklin County, New York, and who, in accordance with a written report by the principal of said school to said trustee, has the highest scholastic standing during his high school course leading to graduation of any boy attending any of said Protestant Churches.”
The will then proceeds, in duplicate language, to establish an award of the remaining one half of the net annual income to the girl from the annual graduating class of Chateaugay Central School who meets the same requirements.
It appears that, in the past, the school district has limited *844 its consideration to students who have attended the so-called "mainline” Protestant churches in the prescribed geographic area. Essentially, this has involved students attending Methodist and Presbyterian churches located in the townships involved (see, letter of Oct. 31, 1994, from Patrick J. Calnon, Superintendent, Chateaugay Central School District; letter of Sept. 15, 1994, from Reverend Donald K. Dodds, Pastor, Burke United Methodist Church; letter of Sept. 28, 1994, from Everett R. Johnston, Past President, Chateaugay Central School District Board of Education).
Nevertheless, in 1994, no student from any of the usual churches was eligible for the scholarship causing the trustee to reexamine the issue. Upon such examination, it appeared to the trustee that, perhaps, other churches existed in the designated geographic areas which would qualify as Protestant churches.[1] As a result, petitioner has requested that the court construe the language of the testator’s will and determine what was meant by the words "any Protestant Churches.”
It is well established that courts which are construing the dispositive language of decedents’ wills are to be guided by the principle that ultimo voluntas testatoris est perimplenda secundum veram intentionem suam.[2] In determining that intent, the language of the will may not be construed beyond its plain meaning. The words of a will must be "given their ordinary, usual meaning and technical words their technical meanings, especially when drawn by an experienced draftsman” (2 Harris, New York Estates Practice Guide § 27:15, at 434 [Tarbox 4th ed 1984]).
Here, the language of the will limits the award to a student who attends "any Protestant Church in the Towns of Chateau-gay and Burke, Franklin County, New York, or the Protestant Church in Brainardsville or the Protestant Church, in what is now known as the Forge, the two churches last mentioned being in the Town of Belmont”.
It is clear that the latter two churches mentioned, those being in Brainardsville and the Forge, refer to specific churches which were in existence at the time of the execution of the testator’s will. As a result, any student who meets the *845 remaining requirements of the will, and attends either of these churches, or their successors, is eligible for the award.
In light of the testator’s use of the word "any” in referring to the Protestant churches in the Towns of Chateaugay and Burke, the true construction issue involves a determination of what was meant by the use of the term "Protestant Church”.
Surprisingly, precedential authority in this area is scant, particularly in the courts of this State. Upon a review of various sources, "Protestant” appears to be a rather generic term relating to non-Catholic, Christian denominations which do not subscribe to the primacy of the Roman Pontiff in ecclesiastical matters and which can trace their roots to what is known, historically, as the Protestant Reformation.
Historically, the term "Protestant” appears to have originated as a consequence of a protest in 1529 by adherents of Martin Luther against an edict of the Diet of Spires and the Emperor Charles V. Over the years, however, "the name is now applied indiscriminately to all the sects, of whatever denomination, who have seceded from the Church of Rome” (Black’s Law Dictionary 1387 [4th ed 1968]; see also, Webster’s Ninth New Collegiate Dictionary [9th ed 1988]). Reference to Corpus Juris Secundum (76 CJS, Religious Societies, § 1) reveals a similar distinction of Protestant as "a collective name for a large class of Christian denominations, and embracing all such denominations, except the Roman Catholic and Eastern Churches.”[3]
Thus it would appear to this court, that for the purposes of this portion of the testator’s will, a "Protestant Church” is any non-Catholic, non-Orthodox Christian church which exists in the Town of Chateaugay or in the Town of Burke. For the purposes of the instant definition, there is no requirement that the church be one of the so-called "mainline” churches.[4]
The Supreme Court of Missouri was confronted with a similar issue in construing the intent of a testator who bequeathed a substantial portion of his estate for the benefit of certain "Protestant Christian hospitals”. In determining the issue, the court relied upon certain theological expert opinion. *846 "Dr. Robert K. Ordway, President and Dean of the Missouri School of Religion in Columbia, Missouri * * * ascribed two meanings to the term 'Protestant.’ 'The generally accepted understanding of the term "Protestant” ’ meant ' "any Christian religious group which is not either Roman Catholic or Orthodox.” ’ In his second and more technical definition '* * * a "Protestant,” to speak of a person, is a person who is a member of one of the religious bodies which is able to trace its historical heritage in general to the time of the Reformation, the 15th, 16th [and 17th] centuries, and including specifically the historical perspective that this group originated in some form of protest or an attempt to reform the Roman Catholic Church at that time.’ * * *
"Dr. Carl Oliver Bangs, a professor of historical theology at St. Paul’s School of Theology in Kansas City, agreed with Dr. Ordway that 'Protestant’ in its general and common sense meaning was any Christian religious group which is neither Roman Catholic nor Orthodox.” (First Natl. Bank v Danforth, 523 SW2d 808, 813 [Mo], cert denied 421 US 992, 1016.)
It would appear that the Eastern or Orthodox denominations of Christianity are not considered to be Protestant churches or denominations because their roots cannot be traced to the Reformation in that their schism with Rome occurred some centuries earlier.
Finally, it should be noted that it is not for this court to speculate upon the reasons that the testator may have had when he used the adjective "any” in further defining the Protestant churches in Chateaugay and Burke. Certainly, the use of such an adjective denotes an intention which would be more expansive and inclusive rather than limiting or exclusive. Similarly, why the testator may have chosen to differentiate between those churches in Chateaugay and Burke and those churches more finitely specified in Brainardsville and the Forge is not open to speculation. Whatever his reasons, his intent is clearly expressed and needs no further construction.
Accordingly, this court concludes that the words "any Protestant Church in the Towns of Chateaugay and Burke” as used in the last will and testament of Andrew M. Johnston shall be, and are, construed to mean any non-Catholic, non-Orthodox Christian churches which presently exist in the Town of Chateaugay or the Town of Burke. It is this court’s belief that such a definition would include, but certainly would not be limited to, any Baptist or Seventh Day Adventist *847 Church located within those townships. Furthermore, the trustee should apply that definition to any church which may come into existence within the two named townships in the future as long as it meets the criteria set forth herein as a non-Catholic, non-Orthodox Christian church.

. Specifically, denominations such as the Southern Baptists, the Seventh Day Adventists, and the Kingdom Hall of Jehovah’s Witnesses have been mentioned.

. The last will of the testator is to be fulfilled according to his true intention.

. This court considers the terms "Orthodox” and "Eastern” to be synonymous.

. Churches such as the Lutheran, Presbyterian, Episcopalian, Anglican and Methodist. As the Reverend Dudley E. Sarfaty pointed out in his letter of December 8, 1994, to William L. Owens, Esq., the distinction between "mainline” churches and others "is more sociological than religious”.